UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- x

SYLVIA AND ALAN BURRUS,

                                  Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE COMMISSIONER
RAYMOND W. KELLY, CAPTAIN MICHAEL
KEMPER, DETECTIVE STRAFACI, KINGS COUNTY
DISTRICT ATTORNEY CHARLES HYNES,
ASSISTANT DISTRICT ATTORNEY LAWRENCE OH,
ASSISTANT DISTRICT ATTORNEY SUZANNE
CORHAN, JOHN DOE POLICE OFFICERS#1-15, JOHN
DOE DETECTIVE INVESTIGATORS #1-5, JOHN DOE
DISTRICT ATTORNEYS #1-5,

                                    Defendants.

**ANSWER**

07 CV 5573 (KMK)

JURY TRIAL DEMANDED

------------------------------------------------------------------------- x

        Defendants City of New York, Police Commissioner Raymond Kelly, Captain Michael Kemper, Detective Strafaci, Kings County District Attorney Charles Hynes, Assistant District Attorney Lawrence Oh, Assistant District Attorney Suzanne Corhan, by their attorney Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the Complaint, respectfully allege, upon information and belief, as follows:

        1. Deny the allegations set forth in paragraph "1" of the Complaint, except admit that plaintiff purports to proceed as stated therein.

        2. Deny the allegations set forth in paragraph "2" of the Complaint, except admit that plaintiffs purport to base their claims as stated therein.

        3. Deny the allegations set forth in paragraph "3" of the Complaint, except admit that plaintiff purports to proceed as stated therein.

        4. Deny the allegations set forth in paragraph "4" of the Complaint, except admit that plaintiffs purport to base this action as stated therein.

5. Deny the allegations set forth in paragraph "5" of the Complaint.

6. Deny the allegations set forth in paragraph "6" of the Complaint, except admit that plaintiffs purport to base venue as stated therein.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Complaint.

8. Admit the allegations set forth in paragraph "8" of the Complaint.

9. Deny the allegations set forth in paragraph "9" of the Complaint, except admit that Raymond Kelly is the Police Commissioner of the New York City Police Department and was the Commissioner of the New York City Police Department on April 28, 2006, and that plaintiffs purport to sue him as stated therein.

10. Deny the allegations set forth in paragraph "10" of the Complaint, except admit that Michael Kemper was employed by the City of New York as a Captain on April 28, 2006 and that plaintiffs purport to sue him as stated therein.

11. Deny the allegations set forth in paragraph "11" of the Complaint, except admit that Charles Hynes was the Kings County District Attorney and Suzanne Corhan was the Assistant District Attorney in Charge of the Major Narcotics Bureau of the Kings County District Attorneys Office on April 28, 2006 and that plaintiffs purports to bring this action as stated therein.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the Complaint.

13. The allegations contained in paragraph "13" of the Complaint constitute legal conclusions to which no response is required.

14. Deny the allegations set forth in paragraph "14" of the Complaint, except admit that a document purporting to be a Notice of Claim was received by the Comptroller's Office on May 18, 2006 and that the claim has not been settled or adjusted.

15. Deny the allegations set forth in paragraph "15" of the Complaint.

16. Deny the allegations set forth in paragraph "16" of the Complaint, except admit that plaintiff Sylvia Burrus was arrested on April 28, 2006 at 38 Bush Street, Brooklyn, New York.

17. Deny the allegations set forth in paragraph "17" of the Complaint, except admit that plaintiff Alan Burrus was arrested on April 28, 2006 at 38 Bush Street, Brooklyn, New York.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the Complaint..

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the Complaint.

20. Deny the allegations set forth in paragraph "20" of the Complaint.

21. Deny the allegations set forth in paragraph "21" of the Complaint.

22. Deny the allegations set forth in paragraph "22" of the Complaint.

23. Deny the allegations set forth in paragraph "23" of the Complain, except deny knowledge or information necessary to form a belief as to the truth of the allegations regarding physical pain and suffering, fear, distress, property loss and financial loss.

24. In response to the allegations set forth in paragraph "24" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs "1" through "23" of this answer, as if fully set forth herein.

25. Deny the allegations set forth in paragraph "25" of the Complaint.

26. Deny the allegations set forth in paragraph "26" of the Complaint.

27. Deny the allegations set forth in paragraph "27" of the Complaint.

28. In response to the allegations set forth in paragraph "28" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs "1" through "27" of this answer, as if fully set forth herein.

29. Deny the allegations set forth in paragraph "29" of the complaint.

30. Deny the allegations set forth in paragraph "30" of the complaint.

31. Deny the allegations set forth in paragraph "31" of the complaint.

32. In response to the allegations set forth in paragraph "32" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs "1" through "31" of this answer, as if fully set forth herein.

33. Deny the allegations set forth in paragraph "33" of the Complaint.

34. Deny the allegations set forth in paragraph "34" of the complaint.

35. Deny the allegations set forth in paragraph "35" of the complaint.

36. In response to the allegations set forth in paragraph "36" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs "1" through "35" of this answer, as if fully set forth herein.

37. The allegations contained in paragraph "37" of the Complaint constitute legal conclusions to which no response is required.

38. Deny the allegations set forth in paragraph "38" of the complaint.

39. Deny the allegations set forth in paragraph "39" of the complaint.

40. Deny the allegations set forth in paragraph "40" of the complaint.

41. In response to the allegations set forth in paragraph "41" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs "1" through "40" of this answer, as if fully set forth herein.

42. Deny the allegations set forth in paragraph "42" of the complaint.

43. Deny the allegations set forth in paragraph "43" of the complaint.

44. In response to the allegations set forth in paragraph "44" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs "1" through "43" of this answer, as if fully set forth herein.

45. Deny the allegations set forth in paragraph "45" of the complaint.

46. Deny the allegations set forth in paragraph "46" of the complaint.

47. Deny the allegations set forth in paragraph "47" of the complaint.

48. In response to the allegations set forth in paragraph "48" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs "1" through "47" of this answer, as if fully set forth herein.

49. Deny the allegations set forth in paragraph "49" of the complaint.

50. Deny the allegations set forth in paragraph "50" of the complaint.

51. Deny the allegations set forth in paragraph "51" of the complaint.

52. Deny the allegations set forth in paragraph "52" of the complaint.

53. Deny the allegations set forth in paragraph "53" of the complaint.

54. Deny the allegations set forth in paragraph "54" of the complaint.

55. Deny the allegations set forth in paragraph "55" of the complaint.

56. Deny the allegations set forth in paragraph "56" of the complaint.

57. Deny the allegations set forth in paragraph "57" of the complaint.

58. In response to the allegations set forth in paragraph "58" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs "1" through "57" of this answer, as if fully set forth herein.

59. Deny the allegations set forth in paragraph "59" of the complaint.

60. The allegations contained in paragraph "60" of the Complaint constitute legal conclusions to which no response is required.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

61. The Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

62. Defendant City has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

63. Defendants Kelly, Kemper, Strafaci, Hynes, Oh, and Corhan have not violated any clearly established constitutional or statutory rights of which a reasonable person should have known and therefore are protected by qualified and prosecutorial immunity.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

64. Any injury alleged to have been sustained resulted from plaintiffs' own culpable or negligent conduct and was not the proximate result of any act of defendants.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

65. There was probable cause for plaintiffs' arrests and detention.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

66. At all times relevant to the acts alleged in the Complaint, the duties and functions of municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City is entitled to governmental immunity from liability.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

67. Plaintiffs caused or provoked any incident.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

68. Punitive damages cannot be assessed against the City of New York.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

69. Defendants Commissioner Kelly and Captain Kemper had no personal involvement in any incidents alleged in plaintiffs' complaint.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

70. Defendants District Attorney Hynes and Assistant District Attorneys Oh and Corhan are entitled to absolute prosecutorial immunity pursuant to *Imbler v. Pachtman*, 42 U.S. 409 (1976).

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

71. Venue in the Southern District of New York is improper pursuant to 28 USC Sections 1391 and 1404.

**WHEREFORE,** defendants City, Kelly, Kemper, Hynes, Strafaci, Oh and Corhan request judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
         September 7, 2007

                                          MICHAEL A. CARDOZO
                                          Corporation Counsel of the
                                          City of New York
                                          Attorney for Defendants City of New
                                          York, Kelly, Kemper, Hynes
                                          Strafaci, Oh and Corhan
                                          100 Church Street
                                          New York, New York 10007
                                          (212) 788-1894

                                By: _____
                                          DAVID M. POLLACK (DP 3873)
                                          Assistant Corporation Counsel

TO:   Nicole Bellina, Esq.
      Stoll & Glickman
      Attorney for Plaintiff
      71 Nevins Street
      Brooklyn, New York 11217
      (718) 852-4491