

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
FILED: 11/15/07

**MICHAEL A. CARDOZO**
*Corporation Counsel*

THE CITY OF NEW YORK

**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, N.Y. 10007

**David M. Pollack**
*Assistant Corporation Counsel*
*Special Federal Litigation Division*
Tel.: (212) 788-1894
Fax: (212) 788-9776

November 14, 2007

BY HAND
Honorable Richard P. Sullivan
United States District Court Judge
Southern District of New York
500 Pearl Street, Room 615
New York, New York 10007

    Re: Sylvia & Alan Burrus v. City of New York, et al., 07 CV 5573 (RJS)
       Victor & Tamisha Fields v.City of New York, et al, 07 CV 6681 (PAC)
       Tamise McLaughlin & Daneen Reynolds, et al. v. City of New York, 07 CV 6774 (BSJ)

Dear Judge Sullivan:

       I am the Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department handling the defense of the above-captioned actions on behalf of defendants City of New York, Commissioner Raymond Kelly, District Attorney Charles Hynes, Assistant District Attorneys Lawrence Oh and Suzanne Corhan, Detectives Paul Strafaci and Juan-Carlos Ramos and Captain Michael Kemper. I write to your Honor to respectfully request first, that these matters be consolidated for the limited purpose of discovery and next, to request a change of venue pursuant to 28 U.S.C. §1404.[1] Plaintiffs' counsels in all cases oppose the relief sought herein.

       Defendants make the request to consolidate because the legal issues surrounding liability are identical in all cases. Additionally, the factual allegations surrounding Defendants' liability in these cases are identical. Accordingly, consolidation of these cases is appropriate. Similarly, Defendants request for a change in venue is based on the grounds that upon the totality of circumstances, the balance of convenience weighs strongly in favor of the transferee court where another related case, Sabrina Johnson et al. v. City of New York, 07 CV 905 (CBA) (JMA), is currently pending before District Court Judge Amon and Magistrate Azrack.

---

[1] Defendants write to your Honor pursuant to Local Rules For the Division of Business Among District Judges Rule 15 which provides that the decision to consolidate cases shall be made by the judge with the lowest docket number, with a motion made on notice to the judges with the cases with the higher docket numbers. Local Civil Rule 15 (c) and (d).

In all of the above-captioned cases, plaintiffs are proceeding on, essentially, the same theory of liability against almost the same defendants, which we anticipate will be identical following initial discovery under Rule 26 of the federal Rules of Civil Procedure. Specifically, plaintiffs allege that on April 28, 2006 defendants subjected them to false arrest, false imprisonment, assault and trespass. The specific factual allegations leading to the alleged liability of defendants arise from the April 28, 2006 execution of forty-four warrants in the Red Hook section of Brooklyn. The warrants executed were based upon particularized information tying each of plaintiffs' addresses to illegal narcotics trafficking.

Local Division of Business Civil Rule 15 envisions related cases being consolidated for the purpose of discovery, trial or both. Local Civil Rule 15. In such cases, a suggestion that cases are related are to be made by any party and it is within the discretion of the judge assigned to the case with the lowest docket number to accept or reject such cases. Id. The case law favors consolidation of these matters for purposes of discovery as numerous decisions of the Second Circuit and of district courts within this Circuit have recognized the benefits of consolidating discovery in light of common issues of fact in litigation involving multiple plaintiffs. See, e.g., Blyden v. Mancusi, 186 F3d 252, 271 (2d Cir. 1999) (discussing benefits of consolidation techniques in managing discovery of prisoner civil rights litigation); Chase Manhattan Bank v. Celotex Corp., 56 F.3d 343, 347 (2d Cir. 1995) (recognizing that consolidating discovery and other pre-trial matters could reduce litigants' costs); Goldman, Sachs & Co. v. Edelstein, 494 F.2d 76, 77 (2d Cir. 1974) (noting that fifteen similar federal cases had been consolidated for pre-trial discovery by the Judicial Panel on Multidistrict Litigation pursuant to 28 U.S.C. §1407). In the context of civil rights litigation, the courts have ordered that discovery be coordinated in the interests of efficiency and conserving the resources of the courts and the parties. Fountain, et al. v. City of New York, et al., 03 CV 4526 (RSW) (MHD) (SDNY June 10, 2005) (ordering twenty-one separate actions arising out of incidents at demonstrations during 2003, in which plaintiffs were represented by several different counsel, consolidated before a magistrate judge for purposes of fact discovery).

Defendants submit that consolidation will save judicial resources by allowing the parties to resolve discovery disputes as to identical issues all at one time, avoid inconsistent rulings on identical issues, and allow these matters to proceed in an efficient and orderly manner. In the Burrus and Fields cases, Plaintiffs' counsel is the same. The McLaughlin case is comprised of two cases that bear no relationship except that warrants were executed at their respective homes and they were subjected to arrest on the same date. Defendants note that each case has unique factual allegations pertaining to issues of damages and evidence recovered. For this reason, Defendants make this consolidation request limited for purposes of discovery, with separate trials.

Defendants also respectfully request that this Court transfer venue of these actions to the Eastern District of New York for the convenience of the parties and witnesses, as well as the fact that the Eastern District is the judicial district where substantially all of the events or omissions giving rise to Plaintiffs' claims occurred. In addition, all of the plaintiffs reside in the Eastern District and all witnesses and police personnel emanate from the transferee district. These cases are almost entirely Brooklyn based and the only facts taking place outside of the Eastern District are that Plaintiffs' arrests were processed and Plaintiffs were released from Manhattan due to the large number of arrestees. Venue is proper in a non-diversity action as follows:

> A civil action wherein jurisdiction is not founded solely on
> diversity of citizenship may, except as otherwise provided

2

by law, be brought only in (1) a judicial district where any
defendant resides, if all defendants reside in the same State
(2) a judicial district in which a substantial part of the
events or omissions giving rise to the claim occurred, or a
substantial part of property that is the subject of the action
is situated, or (3) a judicial district in which any defendant
may be found, if there is no district in which the action may
otherwise be brought.

28 U.S.C. §1391 (b).

A district court is empowered to exercise its sound discretion in deciding a motion to
transfer venue pursuant to §1404(a). Minnette v. Time Warner, 997 F.2d 1023, 1026 (2d Cir. 1993);
Gilbert v. Wilson, 821 F.Supp. 857, 860 (NDNY 1993). Motions to transfer venue are governed by
a two-part test: (1) whether the action to be transferred "might have been brought" in the
transferee venue; and (2) whether the balance of convenience and justice favors transfer. Baker
v. Bennett, 942 F. Supp. 171, 175-76 (S.D.N.Y. 1996). Because these actions could have been
brought in the Eastern District of New York, transfer depends on the balance of convenience and
justice.

In making this determination, a judge has "considerable discretion in adjudicating a
motion for transfer according to an individualized, case-by-case consideration of convenience
and fairness." Bionx Implants, Inc. v. Biomet, Inc., 1999 U.S. Dist. LEXIS 831, No. 99 Civ.
740, 1999 WL 342306, at *3 (S.D.N.Y. May 27, 1999) (quoting In re Cuyahoga Equip. Corp.,
980 F.2d 110, 117 (2d Cir. 1992)). A non-exclusive list of factors to consider includes: (1) the
convenience of witnesses; (2) the convenience of the parties; (3) the location of relevant
documents and the relative ease of access to those sources of proof; (4) the situs of the operative
events in issue; (5) the availability of process to compel the attendance of unwilling witnesses;
(6) the relative means of the parties; (7) the comparative familiarity of each district with the
governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) judicial efficiency
and the interests of justice. Ayala-Branch v. Tad Telecom, Inc., 197 F. Supp. 2d 13, 15
(S.D.N.Y. 2002). No individual factor is determinative and a court has discretion to weigh each
factor to reach a fair result. See Pharmaceutical Resources, Inc. v. Alpharma USPD Inc., 2002
U.S. Dist. LEXIS 8549, No. 02 Civ. 1015, 2002 WL 987299, at *5 (S.D.N.Y. May 13, 2002).

Application of the above factors clearly indicates that the Eastern District is the
more convenient forum for these actions. The first two factors favor Brooklyn in that plaintiffs
reside in Brooklyn and the defendant officers are assigned to a Brooklyn precinct. Frasca v.
Yaw, 787 F. Supp. 327, 331 (E.D.N.Y. 1992) ("The convenience of both party and non-party
witnesses is probably the single most important factor in the analysis of whether a transfer
should be granted."). Furthermore, plaintiffs' claims arise from acts allegedly taken in Brooklyn
and the majority of relevant documents and medical records are located there. The fifth through
seventh factors are neutral - witnesses can just as easily be compelled to appear before the
Eastern or Southern districts, the means of the parties are not affected, and courts in the Eastern
District are equally familiar with the governing law. While the eighth factor - plaintiff's choice of
forum - favors retaining jurisdiction here, it is not dispositive. See Ayala-Branch, 197 F. Supp.

2d at 15 (stating that plaintiff's choice of forum measurably diminishes "when the operative facts have few meaningful connections to the plaintiff's chosen forum"); United States Surgical Corp. v. Imagyn Med Techs., Inc., 25 F. Supp. 2d 40, 46 (D. Conn 1998) (holding that plaintiff's "choice of forum is entitled to little deference because the events giving rise to this case did not occur in Connecticut"). Finally, the last factor - trial efficiency and interests of justice - strongly supports a transfer of venue given the nexus of these cases to Brooklyn.

In the instant cases, it appears that all of the events or omissions giving rise to Plaintiffs' claims occurred in Kings County, which is located in the Eastern District of New York. See, 28 U.S.C. 112(c). With respect to the transferee court's familiarity with the substantive law at issue, Judges Amon and Azrack are fully familiar with the facts and issues surrounding Plaintiffs' claims herein by virtue of the related case already pending before these judges in the Eastern District of New York. Plaintiffs suffer no prejudice should these cases to be transferred to the Eastern District of New York. All relevant documents, witnesses and other sources of proof are all likely located in the confines of the Eastern District of New York. Accordingly, based upon the totality of circumstances, transfer of venue would best serve the interests of justice and would not prejudice Plaintiffs, nor negatively affect the actions.

Accordingly, the Defendants respectfully request entry of an order consolidating these cases for purposes of pre-trial discovery and transferring venue to the Eastern District of New York, where a related case is currently pending. Thank you for your consideration in this regard.

Respectfully submitted,

David M. Pollack (DMP 3873)
Assistant Corporation Counsel

cc: BY HAND
The Honorable Paul A. Crotty
United States District Court Judge
Southern District of New York
500 Pearl Street, Room 735
New York, NY 10007

BY HAND
The Honorable Barbara S. Jones
United States District Court Judge
Southern District of New York
500 Pearl Street, Room 620
New York, NY 10007

*[Handwritten annotation:] Plaintiffs shall respond to this letter with a three-page submission setting [forth] their opposition, if any, to the contemplated motion, by Nov. 21, 2007. The parties shall appear for a premotion conference on Dec. 5, 2007 at 11:15am.*

*SO ORDERED.*

RICHARD J. SULLIVAN
U.S.D.J.

4